IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

HOWARD RUSSELL SCALES,

    Plaintiff,

VS.                                No. 04-1312-T/An

CHARLES TRAUGHBER, ET AL.,

    Defendants.

---

ORDER TO COMPLY WITH PLRA
ORDER ASSESSING $150 CIVIL FILING FEE
AND
ORDER TO ISSUE AND EFFECT SERVICE OF PROCESS

---

Plaintiff Howard Russell Scales, Tennessee Department of Correction prisoner number 109183, an inmate at the Northwest Correctional Complex ("NWCX") in Tiptonville, Tennessee, filed a complaint pursuant to 42 U.S.C. § 1983 on November 26, 2004. The Clerk shall record the defendants as Charles Traughber, the chairman of the Tennessee Board of Probation and Paroles, in his individual capacity, Parole Hearing Officer Steve Betts, in his individual capacity, and the State of Tennessee.[1]

I.    <u>Assessment of Filing Fee</u>

Under the Prison Litigation Reform Act of 1995 ("PLRA"), 28 U.S.C. § 1915(a)-(b), all prisoners bringing a civil action must pay the full filing fee of $150 required by 28 U.S.C. § 1914(a).[2]

---

[1] The complaint states that defendants Traughber and Betts are being sued in both their individual and official capacities. In order to ensure that service is properly made, the Court has clarified the listing of defendants to make clear that service must be made on both the State of Tennessee and the individual defendants.

[2] Because this complaint was filed prior to March 7, 2005, the new filing fee of $250 is not applicable.

This document entered on the docket sheet in compliance with Rule 58 and/or 79 (a) FRCP on 4/25/05

The statute merely provides the prisoner the opportunity to make a "downpayment" of a partial filing fee and pay the remainder in installments.

In this case, plaintiff has properly completed and submitted an *in forma pauperis* affidavit containing a certification by the trust fund officer at his prison. Although the plaintiff has not submitted a trust fund account statement, the information supplied by the plaintiff is sufficient to permit assessment of the filing fee. Pursuant to 28 U.S.C. § 1915(b)(1), it is ORDERED that the plaintiff cooperate fully with prison officials in carrying out this order. Plaintiff is ORDERED to file, within thirty (30) days after the entry of this order, a trust fund account statement for the six months prior to the commencement of this action. It is further ORDERED that the trust fund officer at plaintiff's prison shall calculate a partial initial filing fee equal to twenty percent (20%) of the greater of the average balance in or deposits to the plaintiff's trust fund account for the six months immediately preceding the completion of the affidavit. When the account contains any funds, the trust fund officer shall collect them and pay them directly to the Clerk of Court. If the funds in plaintiff's account are insufficient to pay the full amount of the initial partial filing fee, the prison official is instructed to withdraw all of the funds in the plaintiff's account and forward them to the Clerk of Court. On each occasion that funds are subsequently credited to plaintiff's account the prison official shall immediately withdraw those funds and forward them to the Clerk of Court, until the initial partial filing fee is paid in full.

It is further ORDERED that after the initial partial filing fee is fully paid, the trust fund officer shall withdraw from the plaintiff's account and pay to the Clerk of this Court monthly payments equal to twenty percent (20%) of all deposits credited to plaintiff's account during the preceding month, but only when the amount in the account exceeds $10.00, until the entire $150.00

filing fee is paid.

Each time that the trust fund officer makes a payment to the Court as required by this order, he shall print a copy of the prisoner's account statement showing all activity in the account since the last payment under this order and file it with the Clerk along with the payment. All payments and account statements shall be sent to:

>   Clerk, United States District Court, Western District of Tennessee, 262 U.S. Courthouse, 111 S. Highland Ave., Jackson, TN 38301

and shall clearly identify plaintiff's name and the case number on the first page of this order.

If plaintiff is transferred to a different prison or released, he is ORDERED to notify the Court immediately of his change of address. If still confined he shall provide the officials at the new prison with a copy of this order. If the plaintiff fails to abide by these or any other requirement of this order, the Court may impose appropriate sanctions, including a monetary fine, without any additional notice or hearing by the Court.

The Clerk shall mail a copy of this order to the prison official in charge of prison trust fund accounts at plaintiff's prison. The Clerk is further ORDERED to forward a copy of this order to the warden of the NWCX to ensure that the custodian of the plaintiff's inmate trust account complies with that portion of the PLRA pertaining to the payment of filing fees.

II. Issuance of Service

It is ORDERED that the Clerk shall issue process for the defendants and deliver said process to the U.S. Marshal for service. A copy of this order shall be served on the defendants along with the summons and complaint. Service shall be made on defendant Traughber and Betts, individually, pursuant to Fed. R. Civ. P. 4(e) and Tenn. R. Civ. P. 4.04(1) & (10), either by mail or personally if mail service is not effective. Service shall be made on the State of Tennessee pursuant to Fed. R.

Civ. P. 4(j)(2) and Tenn. R. Civ. P. 4.04(6) & (10). All costs of service shall be advanced by the United States.

It is further ORDERED that the plaintiff shall serve a copy of every further document filed in this cause on the attorney for each defendant, or on any defendant that has no attorney. The plaintiff shall make a certificate of service on every document filed. The plaintiff shall familiarize himself with the Federal Rules of Civil Procedure and this Court's Local Rules. The plaintiff shall promptly notify the Clerk of any change of address or whereabouts. Failure to comply with these requirements, or any other order of the Court, may result in this case being dismissed without further notice.

IT IS SO ORDERED this 20th day of April, 2005.

James D. Todd
JAMES D. TODD
UNITED STATES DISTRICT JUDGE

4

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 3 in case 1:04-CV-01312 was distributed by fax, mail, or direct printing on April 25, 2005 to the parties listed.

---

Howard Russell Scales
Northwest Correctional Facility
109183
960  State Route 212
Tiptonville, TN 38079

Honorable James Todd
US DISTRICT COURT